IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| RANDY EDWARDS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | )  CV 321-046 |
| GEORGIA DEPARTMENT OF | ) |
| CORRECTIONS; ANTOINE CALDWELL, | ) |
| Warden; JOHNSON STATE PRISON; and | ) |
| STAN SHEPHARD, Regional Director, | ) |
| | ) |
| Defendants. | ) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, an inmate at Johnson State Prison ("JSP") in Wrightsville, Georgia, seeks to proceed *in forma pauperis* ("IFP") in this action filed pursuant to 42 U.S.C. § 1983. (Doc. no. 1). For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request to proceed IFP be **DENIED**, (doc. no. 3), and this action be **DISMISSED** without prejudice.

**I.  BACKGROUND**

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007); see also Lomax v. Ortiz-Marquez, 140 S. Ct. 1721, 1726 (U.S. 2020) ("The point of the PLRA, as its terms show, was to cabin not only abusive but also simply meritless prisoner suits."). The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Id. at 721-27.

## II. DISCUSSION

### A. Dismissal Is Warranted Because Plaintiff Has Three Strikes Under § 1915(g)

A review of Plaintiff's history of filings reveals he has brought at least three cases that were dismissed as frivolous or for failure to state a claim and count as strikes: (1) Edwards v. Georgia, 4:99-CV-154-HLM (N.D. Ga. Oct. 28, 1999); (2) Edwards v. Miller, 1:96-CV-89-CC (N.D. Ga. Feb. 8, 1996); and (3) Edwards v. Dalton Police Dep't, 4:94-CV-48-HLM (N.D. Ga. May 17, 1994); see also Edwards v. Emmons, 7:20-CV-00202-WLS-TQL (M.D. Ga. February 26, 2021) (dismissing for three strikes under § 1915(g)); Edwards v. Georgia, 1:16-CV-94-LAG-TQL (M.D. Ga. June 29, 2016) (same). Because Plaintiff has at least three strikes, he cannot proceed IFP unless he can demonstrate he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g). Mitchell v. Nobles, 873 F.3d 869, 873 (11th Cir. 2017).

### B.     Plaintiff Does Not Qualify for the Imminent Danger Exception

In order to come within the imminent danger exception, a prisoner must be in imminent danger of serious physical injury at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). Plaintiff enumerates several reasons for qualification under the imminent danger exception. (Doc. no. 1, p. 6.)

First, Plaintiff alleges he suffers from extreme stress and cannot eat or sleep as a result. (Id.). While Plaintiff argues his stress could lead to a heart attack, he fails to demonstrate a heart attack or another type of serious physical injury is likely or imminent. To the extent Plaintiff blames denial of vital recreation and sunshine for his stress, such allegations are insufficient to establish imminent danger of serious physical injury. See Daker v. Dozier, No. 5:18-CV-245-TES-CHW, 2019 WL 826481, at *8 (M.D. Ga. Feb. 21, 2019) (finding alleged denial of outdoor exercise insufficient to establish imminent danger of serious physical injury).

Second, Plaintiff describes pain resulting from a broken tooth and exposed gums. (Doc. No. 1, pp.4-6.) He saw a registered nurse but has yet to see a dentist, and now Plaintiff indirectly alleges a denial of care. (Id.) While total withdraw of care for serious medical needs might satisfy the imminent danger exception, Plaintiff admits to receiving care and referral to a dentist. Pain in his tooth does not constitute an imminent danger based on the facts alleged. See Mitchell, 873 F.3d at 874.

Third, Plaintiff alleges fear for his safety due to fear of assault while in prison. He states an officer told him, "basically someone is going to stab [Plaintiff]." (Doc. no. 1, p. 6.) Without any more detail on the specificity and timing of the threat, Plaintiff has not shown the threat places him in imminent danger of serious physical injury. See Odum v. Bryan Cnty,

Judicial Circuit, No. CV 4:07-181, 2008 WL 766661, at *1 (S.D. Ga. Mar. 20, 2008) (requiring specific allegations grounded in specific facts indicating injury is imminent). Additionally, Plaintiff states he dislikes his cellmate who behaves erratically. However, Plaintiff does not allege his cellmate presents a threat to his safety; in fact, Plaintiff threatens violence against his cellmate in his complaint. (Doc. no. 1, p. 6.)

Fourth, Plaintiff alleges general staffing, operations, and prisoner behavior problems at the prison present an imminent danger to his safety. The more detailed supporting allegations scattered throughout the complaint include the presence of roaches and mice in Plaintiff's cell, gang violence against others in the prison, and incidents where prisoners set fires that filled cells with smoke. (Doc. no. 1, pp. 2-3, 6.) However, "[i]n the [prison] setting, a risk of harm to some degree always exists by the nature of its being a [prison]." Purcell *ex rel.* Estate of Morgan v. Toombs Cty., Ga., 400 F.3d 1313, 1323 (11th Cir. 2005). Plaintiff's distress over life in prison is not alone enough to satisfy the imminent danger exception. See Daker v. United States, 787 F. App'x 678, 681 (11th Cir. 2019) (*per curiam*) (rejecting imminent danger classification based on exposure to fecal matter, inadequate dental care, denial of outdoor exercise, and speculative claim that using unsanitary and damaged clippers might increase risk of infectious disease); see also Sutton v. Dist. Attorney's Office, 334 F. App'x 278, 279 (11th Cir. 2009) (*per curiam*) (rejecting general claims of stress, anxiety, depression, and further deterioration of life as insufficient to satisfy imminent danger exception). Plaintiff's allegations concern past events or ongoing grievances that do not present a risk of serious injury.

For these reasons, Plaintiff fails to demonstrate he should be excused from paying the full filing fee under the "imminent danger" exception to § 1915(g)'s three strike rule.

### III. CONCLUSION

In summary, Plaintiff has accumulated at least three strikes against him and cannot satisfy the dictates of the "imminent danger" exception of § 1915(g). Thus, he fails to demonstrate that he should be excused from paying the full filing fee. Therefore, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request to proceed IFP be **DENIED**, (doc. no. 3), and this action be **DISMISSED** without prejudice. If Plaintiff wishes to proceed with the claims raised in this case, he should be required to initiate a new lawsuit, which would require submission of a new complaint. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

SO REPORTED and RECOMMENDED this 1st day of September, 2021, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA